IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE YATES**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **05-96-DRH-CJP** |
| | ) |
| **C/O DISRO**, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

Pursuant to Federal Rule of Civil Procedure 12(B)(6), defendant Correctional Officer Aaron Disro is before the Court seeking dismissal of the above-captioned civil rights action, which was filed by plaintiff Willie Yates, an inmate in the custody of the Illinois Department of Corrections. **(Doc. 19).** Plaintiff Willie Yates has not filed a response to the subject motion. This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C).

As set forth in the Court's threshold order, the factual allegations are as follows:

> Plaintiff states that on January 18, 2004, he was working his prison job in the Pinckneyville Correctional Center Dietary Department when Defendant Disro "snuck upon plaintiff, violently grabbing a cup of coffee from plaintiff's hand, destroying it, and then placed plaintiff into a sort of choke-sleeper hold forcing plaintiff to lose consciousness for a short period of time by way of suffocation." Plaintiff states that during this period of unconsciousness, Defendant Disro dropped Plaintiff onto the floor. When Plaintiff "came to," Defendant Disro was kneeling over Plaintiff with one knee on his neck and the other forced into Plaintiff's side, causing great pain and dizziness, and causing Plaintiff to defecate on himself. Defendant Disro removed his hold on Plaintiff and Plaintiff went to the restroom. Upon Plaintiff's return, Defendant Disro began ridiculing and making derogatory comments about the Plaintiff and the incident.
> When Plaintiff returned to his housing unit, he informed an officer of the

1

incident and Plaintiff was taken to the health care unit and examined by medical personnel and spoke with an internal affairs investigator. Shortly thereafter, Plaintiff was put in segregation and the next day received a disciplinary report. In the report and a grievance submitted with the complaint, it appears that Plaintiff was not disciplined, but was taken to segregation on investigative status. Plaintiff filed grievances regarding the incident, but no action was taken against Defendant Disro.

**(Doc. 6, p. 2;** *see also* **Doc. 1).**

An Inmate Injury Report completed by a nurse and plaintiff's medical record for the date at issue are included with the complaint. The injury report briefly describes the incident, indicates that a physician was notified, notes that there were no apparent injuries, records a prescription for Motrin and the release of plaintiff back to his housing unit. **(Doc. 1, p. 15).** The medical record merely refers to the Inmate Injury Report. **(Doc. 1, p. 16).**

Defendant Disro argues that:

1. Plaintiff suffered no more than de minimis injuries, thus precluding recovery under 42 U.S.C. § 1983;

2. Even if plaintiff's claims are true, plaintiff has failed to state a claim under the Eighth Amendment; and

3. The defendant is protected by qualified immunity.

**(Doc. 19).**

The Court's threshold order already concluded plaintiff had stated a cognizable Eighth Amendment claim. Nevertheless, because the standard of review under 28 U.S.C. § 1915A is slightly different from the standard applicable under Federal Rule of Civil Procedure 12(b)(6), the complaint will be revisited.

## The Legal Standard(s) for Dismissal

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve a case on its merits. *See Marshall-Mosby v. Corporate Receivables, Inc.,* **205 F.3d 323, 326-27 (7th Cir.2000).** When evaluating a Rule 12(b)(6) motion, a court must accept as true all factual allegations in a complaint and draw all reasonable inferences in a plaintiff's favor. *See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.,* **167 F.3d 1170, 1173 (7th Cir.1999).** Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only notice pleading, "[a] complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal." *National Serv. Ass'n, Inc. v. Capitol Bankers Life Ins. Co.,* **832 F.Supp. 227, 230 (N.D.Ill.1993).** However, as the Supreme Court recently stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic v. Twombly*, **___ U.S. ___, 127 S.Ct. 1955, 1964-1965 (2007) (internal citations and parenthetical information omitted).**

## Analysis

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, **503 U.S. 1, 6-7 (1992);** *DeWalt v. Carter*, **224 F.3d 607, 619 (7th Cir. 2000).** "[W]henever prison officials stand

accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." ***Hudson*, 503 U.S. at 6-7.** An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim. *Id.* **at 9.** "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today." *Id.* However, not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis uses of physical force*, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* **at 9-10 (emphasis added);** *see also Outlaw v. Newkirk***, 259 F.3d 833, 837-38 (7th Cir. 2001); and** *Calhoun v. DeTella***, 319 F.3d 936, 939 (7th Cir. 2003).**

Central to all three of the defendant's arguments for dismissal are the assertions that the choke-sleeper hold allegedly used on plaintiff was a de minimis use of force, and that plaintiff suffered no more than de minimis injury. Defendant further contends that, even if those assertions are not accepted, he is entitled to qualified immunity because, at the time of the incident, it was not clearly established that such conduct would violate constitutional rights. ***See Harlow v. Fitzgerald*, 457 U.S. 817, 818 (1982).** Defendant notes that an official who makes a reasonable mistake as to what the law requires is entitled to the defense of qualified immunity. *See Saucier v. Katz***, 533 U.S. 194, 205 (2001).**

Defendant's assertions are not well taken. In accordance with *Hudson v. McMillian*,

serious bodily injury is not required to state an Eighth Amendment claim. Furthermore, taking plaintiff's allegations as true, he suffered great pain, he lost consciousness and he lost control of his bowels. Defendant seems not to appreciate that loss of consciousness entails a temporary loss of blood and oxygen to the brain, and in this instance, also a loss of control of plaintiff's bodily functions. From an objective perspective, that condition is not de minimis, small or trifling; rather, that condition is serious.

Similarly, taking plaintiff's allegations as true, it cannot be said that a choke-sleeper hold that induces a loss of consciousness and loss of bowel control is not, from an objective perspective, a de minimis use of force, particularly if, as alleged, it was done without provocation, and possibly for amusement. Consequently, plaintiff has stated a viable Eighth Amendment claim– at least one that must proceed toward trial.

Insofar as the defendant claims qualified immunity, although this Court has been unable to find a controlling case exactly on point, this Court concludes that a reasonable person would be aware that causing someone to lose consciousness and control over bodily functions without provocation would constitute excessive force within the parameters of *Hudson v. McMillian* and its progeny. A case "on all fours" is not required, when the state of the law at the relevant time gave fair warning that such treatment was unconstitutional. **Green v. Butler, 420 F.3d 689, 701 (7th Cir. 2005) (citing *Hope v. Pelzer*, 536 U.S. 730, 741 (2002); and *McGreal v. Ostrov*, 368 F.3d 657, 683 (7th Cir. 2004)).** At this juncture, it does not appear that the defendant is entitled to qualified immunity.

5

## Recommendation

For the aforestated reasons, it is this Court's recommendation that defendant Disro's motion to dismiss **(Doc. 19)** be denied in all respects.

**Submitted: January 25, 2008**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

## Notice of Response Deadline

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 6(e), the parties shall file any objections to this report and recommendation on or before **February 11, 2008**. No extensions will be granted.