IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIE YATES**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **05-96-CJP**[1] |
| | ) | |
| **C/O DISROE**[2], | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

In February 2005, plaintiff Willie Yates filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, regarding an alleged use of excessive force by defendant Food Service Supervisor Aaron Disroe on January 18, 2004, at Pinckneyville Correctional Center. **(Doc. 1).** A bench trial was conducted June 25, 2008.[3]

The complaint alleges that on January 18, 2004, plaintiff Yates was working in the Dietary Department at Pinckneyville Correctional Center when defendant Disroe, who was his supervisor, snuck up on plaintiff, "violently grabbing a cup of coffee from plaintiff's hand, destroying it, and then placed plaintiff into a sort of choke-sleeper hold forcing plaintiff to lose

---

[1]In accordance with 28 U.S.C. § 636(c)(1), upon the consent of the parties, Chief Judge David R. Herndon referred this action to the undersigned magistrate judge for all further proceedings, through and including entry of final judgment. **(Docs. 9, 38 and 41).**

[2]At trial. Defendant clarified that his last name is spelled "Disroe", not "Disro," so the Court is sua sponte amending the caption of the case.

[3]On March 20, 2008, the parties executed a written waiver of their right to a jury trial. **(Doc. 40).**

1

consciousness for a short period of time by way of suffication" [sic]. **(Doc. 1, p. 4).** According to the complaint, the choke hold and loss of consciousness caused plaintiff to drop to the floor. **(Doc. 1, p. 4).** When plaintiff regained consciousness, Disroe had one of his knees on plaintiff's neck, and Disroe's other knee was on lodged in plaintiff's side, causing plaintiff to defecate. **(Doc. 1, p. 4).** Plaintiff claims Disroe caused him pain, dizziness and embarrassment. **(Doc. 1, pp. 5 and 7).** Plaintiff later sought treatment in the prison Health Care Unit. **(Doc. 1, pp. 5-6).** The complaint alleges that the alleged use of force was excessive, constituting cruel and unusual punishment, in violation of the Eighth Amendment. **(Doc. 1, pp. 7-8).** Plaintiff seeks compensatory damages for pain and suffering (past, present and future), nominal damages for the constitutional violation, and punitive damages. **(Doc. 1, p. 8).**

## The Applicable Legal Standards

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. ***Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992);** ***DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).** "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." ***Hudson*, 503 U.S. at 6-7.** An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim. *Id.* **at 9.** "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth

2

Amendment as it is today." *Id.* However, not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis uses of physical force,* provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" **Id. at 9-10 (emphasis added);** *see also Outlaw v. Newkirk***, 259 F.3d 833, 837-38 (7th Cir. 2001); and** *Calhoun v. DeTella***, 319 F.3d 936, 939 (7th Cir. 2003).**

### Synopsis of the Evidence Presented and Findings of Fact

Plaintiff's testimony at trial generally mirrored the allegations in the complaint. Plaintiff alternately described Disroe as having grabbed the coffee cup, and having knocked the coffee cup from plaintiff. Plaintiff also acknowledged that his earlier deposition testimony indicated that Disroe had lifted plaintiff off the ground with his left arm around plaintiff's neck, and also as having slammed and dropped plaintiff to the floor, despite telling the investigating officer that he had been laid on the floor. Plaintiff also acknowledged that, at the time of the incident, he did not report to the nurse who treated him, or to the investigating officer that he had defecated. At trial, plaintiff also elaborated that the coffee that spilled on him was boiling hot.

According to plaintiff, when he went to the Health Care Unit, his clothes, which were torn and had coffee on them, were taken as evidence. Plaintiff testified that his neck and back pain were remedied with medication– Motrin– and he had no lingering effects. Plaintiff acknowledged that he had been treated for low back pain the day before the coffee incident, and he explained that Disroe hurt plaintiff's upper back.

Defendant Disroe testified that at the time at issue he was supervising a crew of inmates in the dietary unit, including plaintiff. According to Disroe, as a dietary supervisor, it was not a

3

part of his job to use force on inmates, unlike the usual role of a prison guard. Disroe denied ever using force on an inmate, but he stated that he had issued disciplinary tickets. Correctional Officer Disroe denied knocking coffee from plaintiff's hand and had no recollection of the day at issue.

Inmates Lashon Smith and Marvin Johnson both testified that they did not witness any of the events alleged by plaintiff. Inmate Smith did recall that plaintiff went to the Health Care Unit, but did not know the reason. Smith stated that he was never afraid of Correctional Officer Disroe, and Disroe never threatened him in an attempt to keep him from corroborating plaintiff's allegations. Johnson denied knowing that Disroe was exacting revenge against plaintiff for having told Disroe's supervisor that Disroe was sleeping on the job.

Correctional Officer James Scott testified at trial. Scott conducted the Internal Affairs investigation of plaintiff's allegations, and was present when plaintiff was examined in the Health Care Unit. According to Scott, no evidence was found to corroborate plaintiff's allegations. No clothes were confiscated, and Scott's report and notes do not reflect any report by plaintiff of torn clothes or of plaintiff defecating. Scott did report that he interviewed inmate Keith Richmond, who stated that Disroe had asked him to check on plaintiff, who was in the washroom after the alleged incident. However, Scott did not testify that Richmond offered any corroboration regarding the alleged use of force. Plaintiff was placed under investigative status and moved into the Segregation Unit. **(Plaintiff's Exhibit 3).**

Nurse Carolyn Ridgeway, who treated plaintiff in the Health Care Unit on January 18, 2004, testified that plaintiff had received Tylenol on January 17, 2004, for low back pain. **(*See also* Defendant's Exhibit 1).** Nurse Ridgeway testified that plaintiff walked into and out of the

4

Health Care Unit unassisted. According to Ridgeway's treatment notes, which reference an Inmate Injury Report, it is reflected that plaintiff reported that Disroe threw him down and used a sleep hold and pressed his knees into plaintiff's back and neck.. **(Plaintiff's Exhibit 5).** The report specifies that there were no apparent injuries– no redness was observed, plaintiff's range of motion was within normal limits, he was ambulatory and alert. **(Plaintiff's Exhibit 5).** No notation regarding loss of consciousness or defecation appear in the medical notes or injury report. Motrin was prescribed. **(Plaintiff's Exhibit 5).** A medical note dated January 22, 2004, reflects that plaintiff's "problem" was resolved. **(Plaintiff's Exhibit 5).**

The documentary evidence and testimony of defendant Disroe, inmates Smith and Johnson, Correctional Officer Scott and Nurse Ridgeway were all consistent and are taken as true.

The Court does not find plaintiff's allegations and testimony fully credible. The injury report and medical notes made contemporaneously with the alleged incident do mention a sleeper hold, but do not mention loss of consciousness or defecation. It is those aspects of the alleged use of force that are central to plaintiff's claim, and which reasonably seem remarkable– something that plaintiff would mention and the nurse and investigator would record. Plaintiff's story has evolved and become more sensational with each telling. Plaintiff even added an allegation at trial, regarding Disroe acting in retaliation for plaintiff reporting to a supervisor that Disroe slept on the job. None of the inmates working with plaintiff reported seeing any of the alleged events. There was simply no corroboration.

Insofar as plaintiff argues that his being prescribed Motrin reflects a serious injury, the evidence is sufficient to link plaintiff's low back injury from the day before to the prescription

for Motrin. If the nurse specifically noted that plaintiff had no visible injuries, but he had a recorded back injury from the day before, it is reasonable to link the Motrin to continued low back pain, which was resolved in less than a week's time.

## Conclusions of Law

Having concluded that plaintiff's version of events is not credible and wholly without support, no further legal analysis is necessary. Plaintiff has failed to show a malevolent touching, let alone the use of excessive force in violation of the Eighth Amendment. Accordingly, defendant Disroe's motion for judgment, pursuant to Federal Rule of Civil Procedure 52, after all parties were fully heard, is well taken and is granted. More specifically, defendant Disroe is entitled to final judgment in his favor.

**IT IS THEREFORE ORDERED** that defendant Aaron Disroe's oral motion for judgment is **GRANTED**; and final judgment shall enter in favor of defendant Disroe and against plaintiff Willie Yates in all respects.

**IT IS SO ORDERED.**

DATED: June 27, 2008

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**